UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDELL LANG,<br><br>                                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA INCLUDING PHILIP A. DOYLE, attorney in his official capacity,<br><br>                                Defendants. | Case No.: 3:23-cv-02260-RBM-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. 7] |

On August 26, 2024, Defendants United States of America and Philip A. Doyle (collectively, "Defendants") filed a Motion to Dismiss pro se Plaintiff Kendell Lang's Complaint.[1]  (Doc. 7.)  Plaintiff has not filed an opposition to the Motion to Dismiss.  For the reasons set forth below, the Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

///

///

---

[1] Plaintiff initially filed an Application to Proceed in District Court Without Prepaying Fees or Costs, but he subsequently paid the filing fee.  (Docs. 2, 5.)

1

## I.     BACKGROUND

Plaintiff's claims appear to be based on Plaintiff being unable to renew his passport because he has been certified by the Internal Revenue Service ("IRS") as having a seriously delinquent tax debt. (Doc. 1 at 1–2, 4.[2]) He characterizes Defendants' "refusal to allow Plaintiff to renew his U.S. passport" as a "violation of [his] Constitutional Rights, … which has caused damages arising out of age discrimination, cruel and unusual punishment, indentured servitude, impossibility of performance, [and] frustration of performance." (*Id.* at 2.) Plaintiff alleges he has lost four jobs and other opportunities because he has been unable to renew his passport. (*Id.*)

Based on the allegations of the Complaint (Doc. 1) and the documents that Plaintiff attaches to his Complaint (Docs. 1-1–1-2), it appears Plaintiff owes a significant tax debt to the United States (*see* Doc. 1 at 2, 5; Doc. 1-1 at 15, Doc. 1-2 at 17). He has paid some of the debt, but the amount he still owes is significant, and he failed to make a $150,000 payment he agreed to pay to settle his debt. (*See* Doc. 1 at 5–6; Doc. 1-1 at 16.) Plaintiff alleges he has been unable to renew his passport because Defendants certified his tax debt as seriously delinquent without giving him proper notice and his inability to renew his passport has made it impossible to obtain income to pay the settlement amount. (Doc. 1 at 1–8.)

As to the $150,000 settlement, Plaintiff alleges he reached an agreement with the United States to make a $150,000 payment on his tax debt, but he was unable to make that payment because he could not close an investment deal that required he travel to Italy. (Doc. 1 at 5–6; Doc. 1-1 at 15–16.) Plaintiff alleges "[t]his loss of investment was a direct result of the Defendant[s'] cruel and unusual punishment and prosecutorial vindictiveness of restricting the issuance of Plaintiff's passport." (Doc. 1 at 6.)

---

[2] The Court cites the CM/ECF electronic pagination unless otherwise noted.

Plaintiff's Complaint does not explain why he can only earn income through employment that requires international travel. Instead, Plaintiff argues the non-renewal of his passport based on the certification of his tax debt has resulted in "impossibility of performance." (Doc. 1 at 2–3, 17–18.) Essentially, he alleges that the only way he can pay his debt is to obtain his passport. (*See* Doc. 1 at 3, 7; Doc 1-1 at 16; Doc. 1-2 at 4.) He asserts that, in addition to losing out on the investment opportunity in Italy, he has also not been able to secure other employment opportunities because the positions he seeks in vertical farming require he have a valid passport. (Doc. 1 at 5–9; Doc. 1-2 at 4 (email from Plaintiff referencing vertical farming industry and positions he needs a passport to obtain).)

Plaintiff identifies four "counts:" (1) Violation of the First Amendment and Due Process Clause of the Fifth Amendment (Compl. at 8–9); (2) Violation of the Thirteenth Amendment's Prohibition Against Involuntary Servitude (*id.* at 9-10); (3) Violation of the Age Discrimination Act (*id.* at 10); and (4) Punitive Damages (*id.* at 10–12). The Complaint then includes a section titled "Damages and Immunity Defense" that appears to assert a *Bivens* claim and address immunity defenses for a federal employee, government attorney Philip Doyle. (Doc. 1 at 12–16.) The Complaint also seeks punitive damages for Defendants' "refusal to renew [his] passport knowing full well that this was the only way Plaintiff could pay back taxes in any amount under any agreement." (Doc. 1 at 10.)

## II.    DISCUSSION

The Court grants Defendants' Motion to Dismiss (Doc. 7) based on Plaintiff's lack of opposition. The United States filed its Motion to Dismiss on August 26, 2024. (Doc. 7.) The Motion was served on Plaintiff by U.S. Mail and email. (*Id.* at 31.) The Motion includes an October 7, 2024 hearing date. (*Id.* at 1.)

Pursuant to Civil Local Rule 7.1.e.2 and the undersigned's Civil Chambers Rules, Section III, Plaintiff's opposition or statement of non-opposition was due no later than September 23, 2024. CivLR 7.1.e.2 ("each party opposing a motion … must file that opposition or statement of non-opposition … not later than fourteen (14) calendar days prior to the noticed hearing.") (emphasis removed); Ruth Bermudez Montenegro, U.S.

District Judge, Civil Chambers Rule III.B (hereinafter, "Chambers Rules") ("Opposition … briefs are due based on the noticed hearing date.") (citing CivLR 7.1.e).

Plaintiff has not filed an opposition or statement of non-opposition. Plaintiff's lack of opposition constitutes Plaintiff's consent to granting the Motion. CivLR 7.1.f.3.c); Chambers Rules, Section III.C. The Civil Local Rules indicate that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion … ." *Id.* Similarly, Chambers Rules, Section III.C explicitly provides that "[a]n opposing party's failure to file a memorandum of points and authorities in opposition to any motion will be construed as consent to the granting of the motion … ."

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as an unopposed motion pursuant to a local rule that permits, but does not require, the granting of a motion for failure to respond. *Ghazail v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal based on the failure to file an opposition pursuant to the local rules) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)); *see also Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1063 (C.D. Cal. 2017) (granting "Defendants' Motion without reaching the merits, simply based on Plaintiff's failure to oppose the Motion.").

"Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring [the] disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazail*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, the Court finds three of the five factors weigh strongly in favor of dismissal.

Because Plaintiff did not respond to the Motion to Dismiss by the September 23, 2024 deadline and has not responded in the two months since that deadline passed, the Court finds the interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983,

990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Additionally, the Court notes that, while Plaintiff is pursuing this action without counsel, pro se litigants are still bound by the applicable rules. *Ghazail*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *see also Castillo v. Select Portfolio Servicing, Inc.*, No. 18CV1591-AJB-BLM, 2019 WL 157658, at *2 (S.D. Cal. Jan. 10, 2019) (citations omitted) (noting the same).

The risk of prejudice to Defendants also weighs in favor of dismissal. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("[T]he law presumes that unreasonable delay is prejudicial" and "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.") (citations omitted). Plaintiff's failure to respond to the Motion to Dismiss is delaying Defendants' ability to resolve the case against it. Plaintiff should not be permitted to ignore the Motion to Dismiss and its persuasive arguments for dismissal. This would be prejudicial to Defendants because they would be expending time and effort to move the case to resolution while Plaintiff only delays the case by not responding.

The fourth factor weighs minimally against dismissal. Dismissal based on lack of opposition would generally weigh against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("The public policy favoring disposition of cases on their merits counsels strongly against dismissal."). However, Plaintiff is impeding a disposition on the merits by not filing an opposition or statement of non-opposition to the Motion to Dismiss as required by the Civil Local Rules of this Court and the undersigned's Chambers Rules. Accordingly, this factor weighs only minimally against dismissal. *In re Phenylpropanolamine*, 460 F.3d at 1228 ("this factor lends little support to a party whose

responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.")

Similarly, the availability of less drastic sanctions, the fifth factor, also weighs only minimally against dismissal. The Court is not dismissing the case as a sanction. The Court is considering the lack of opposition a waiver and granting an unopposed motion pursuant to the Civil Local Rules. To the extent dismissal under these circumstances could be considered a sanction, the Court recognizes there are other sanctions available. However, when Plaintiff has not responded to Defendants' extensive and detailed Motion to Dismiss that very persuasively argues none of Plaintiff's claims can proceed, the Court is persuaded the dismissal is the more appropriate course.[3]

Given three of the five factors strongly favor dismissal and the other two factors weigh minimally against dismissal, the Court **GRANTS** the Motion to Dismiss based on lack of opposition. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (noting dismissal would be affirmed even if the fourth and fifth factors weighed against dismissal).

### III.   CONCLUSION

The Motion to Dismiss (Doc. 7) is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  December 17, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] While the Court need not reach the merits of the Motion to Dismiss because Plaintiff has not opposed it, Plaintiff does not appear to state any plausible claims in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).